UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KELVIN DAVID MOFFIT,

                Petitioner,                Case No. 1:12-cv-784

v.                                     Honorable Paul L. Maloney

DUNCAN MacLAREN,

                Respondent.

_____/

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at Kinross Correctional Facility. Following a jury trial, Petitioner was convicted of four counts of first-degree criminal sexual conduct involving a person under 13 years (CSC I) and two counts of third-degree criminal sexual conduct involving a person between 13 and 15 years (CSC III). On September 4, 1998, the Missaukee County Circuit Court sentenced Petitioner to two terms of 25 to 40 years on two of the CSC I convictions, two terms of 20 to 40 years on the other two CSC I convictions, and two terms of 10 to 15 years on the CSC III convictions.

Petitioner previously filed two habeas petitions in the Eastern District of Michigan, challenging his incarceration on the above convictions. In an opinion and judgment issued July 1, 2004, the Eastern District denied Petitioner's first habeas petition on the merits. *See Moffit v. Lafler*, No. 2:03-cv-72431 (E.D. Mich. Jul. 1, 2004) (docket ##41, 42). The Sixth Circuit denied a certificate of appealability as to all issues. *Id.* (docket #56). Petitioner filed a second habeas petition

in 2006, which was transferred to the Sixth Circuit as a second or successive petition. *See Moffit*

*v. Trombley et al.*, No. 1:06-cv-10346 (E.D. Mich. Feb. 23, 2006) (docket #2).  The Sixth Circuit

denied a certificate of appealability on September 20, 2006. *Id.* (docket #3.)  In 2008, Petitioner

sought reconsideration and to recall the mandate in his first action, which was denied by the district

court. *See Moffitt v. Lafler*, No. 2:03-cv-72431 (E.D. Mich. Dec. 12, 2008) (docket #56).  The Sixth

Circuit denied Petitioner's motion for an order to consider a second or successive petition on

November 8, 2011.  *Id.* (docket #57.)

Because Petitioner's first habeas action was filed after the enactment of the

Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his

current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b).

*See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).  Before a second or successive application

is filed in the district court, the applicant must move in the court of appeals for an order authorizing

the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533

U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that

the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must

actually show the statutory standard).[1]  A successive petition raises grounds identical to those raised

and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing

*Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173

(6th Cir. 1987).  A second petition is one which alleges new and different grounds for relief after

---

[1]When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard.  *Cress*, 484 F.3d at 852.  That standard does not require authorization from the court of appeals.  *Id.*

a first petition was denied.  *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not.  *See Stewart v. Martinez-Villareal*, 523 U.S. 632, 637 (1998).  Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect.  *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)).  For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive.  *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).  Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive.  *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions).

Petitioner's first habeas action was denied on the merits.  As a consequence, the instant petition is properly considered second or successive.  Petitioner, however, attempts to avoid the plain language of 28 U.S.C. § 2244(b) barring second or successive petitions by asserting that he is not challenging a valid conviction.  He contends instead that the judgment against him is void because it was based on an unconstitutional statute.

Not withstanding Petitioner's characterization, his third habeas petition challenges the same judgment he challenged in his first and second habeas petitions. Absent authorization from the Sixth Circuit, this Court is without authority to consider the petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Date:   September 14, 2012                       /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge